UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| LOUISIANA, ET AL., <br><br> PLAINTIFFS, <br><br> v. <br><br> DEB HAALAND in her official capacity as Secretary of the Interior; et al., <br><br> DEFENDANTS. | Civil Action No. 2:24-cv-00820 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
AMERICAN PETROLEUM INSTITUTE'S MOTION TO INTERVENE**

Plaintiffs respectfully oppose the American Petroleum Institute's motion for leave to intervene "in support of Federal Defendants." Doc. 36 (Mot.) at 1. API seeks to intervene to defend a Rule that its members developed alongside Federal Defendants. But API and Federal Defendants share the same goal of defending the Rule and Federal Defendants will do so competently. Therefore, API is not entitled to intervene because it has failed to show that Federal Defendants will not "adequately represent" API's interest in defending the Rule. Fed. R. Civ. P. 24(a)(2). API has not shown inadequate representation because it admittedly shares the "same ultimate objective" as Federal Defendants. *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 453 (5th Cir. 2022) (per curiam). And API has not shown inadequate representation because it cannot overcome the "presumption of adequate representation" that Federal Defendants receive as a "governmental body or officer" defending its position. *Baker v. Wade*, 743 F.2d 236, 241 (5th Cir. 1984). Because Federal Defendants will adequately defend the Rule, API may not intervene as of right.

1

API also should not be granted permissive intervention, which the Court may deny in its discretion. Fed. R. Civ. P. 24(b)(1)(B). API's reasons for permissive intervention are amply satisfied by the less burdensome alternative of supporting Federal Defendants through amicus briefs.

This Court should deny the motion.[1]

## BACKGROUND

In late April, the Bureau of Ocean Energy Management published a new rule imposing financial assurance obligations on small and mid-size oil and gas companies. *Risk Management and Financial Assurance for OCS Lease and Grant Obligations*, 89 Fed. Reg. 31,544 (Apr. 24, 2024). The financial assurance obligations are so high—$6.9 billion, *see* 89 Fed. Reg. at 31,544—that they will be impossible to comply with. Doc. 1 ¶8. BOEM says that it must impose these new obligations to protect the government from paying for decommissioning liabilities if these small and mid-size companies go bankrupt. *See* 89 Fed. Reg. at 31,544. But the federal government will not have to pay decommissioning liabilities if those companies go bankrupt because the investment-grade predecessors in title in most cases already agreed to pay, were financially compensated for doing so, and can do so according to BOEM itself. *See* Doc. 1 ¶¶42-59. Worse, the new obligations will drastically *increase* the risk of the bankruptcies that would create any such problem in the first place. *Id.* ¶9.

Plaintiffs are the States of Louisiana, Mississippi, and Texas, and four associations representing the small and mid-size oil and gas companies targeted by the Rule. Plaintiffs

---

[1] Because the Court has not yet granted API's motion for leave to file its motion to intervene, *see* Doc. 39, it does not appear that Plaintiffs' time for opposing API's intervention on the merits has started to run. But in an abundance of caution, Plaintiffs file this opposition brief now to give the Court their views, should the Court ultimately grant API's motion for leave and thereby make the motion to intervene a live, pending motion.

seek a stay of, or preliminary injunction against, the Rule. Doc. 6. The Rule is contrary to law because it is not "necessary and proper" to any statutory goal, violates Congress's mandate of "expedited exploration and development," and imposes financial assurance demands not authorized by statute. Doc. 6-1 at 33-41 (quoting 43 U.S.C. §§1334(a), 1802(1)). The Rule is arbitrary and capricious because, among other things, BOEM's cost-benefit analysis is fatally flawed and BOEM overlooked many important aspects of the problem, including the role of investment-grade predecessors and the unavailability of the required financial assurance in the market. Doc. 6-1 at 41-54; *see also* Doc. 32 at 1-5.

To assist the Department of Justice in defending the Rule, API moves to intervene as of right under Rule 24(a)(2) and, in the alternative, for permissive intervention under Rule 24(b)(1)(B). Mot. at 3-9.

## ARGUMENT

API is not entitled to intervene as of right because it cannot show that Federal Defendants will not "adequately represent" API's interest in upholding the Rule. *See* Fed. R. Civ. P. 24(a)(2); *Guenther*, 50 F.4th at 542. And API should not be granted permissive intervention because its interest in providing "perspective," Mot. at 9, is insufficient to justify party status.

### I. API is not entitled to intervene as of right because it has not established that Federal Defendants will not adequately represent its interests.

To intervene as of right under Rule 24, API bears the burden to satisfy four requirements. *Guenther*, 50 F.4th at 542. First, API must show that the motion is "timely." *Id.* (citing Fed. R. Civ. P. 24(a)(2)). Second, it must show that it has a protectible "interest" in the action. *Id.* Third, it must show that the "disposing of the action" could "impair" its ability to protect that interest. *Id.* And fourth, it must show that existing parties do not "adequately represent" that interest. *Id.* Plaintiffs do not contest the first three require-

ments, but API fails to satisfy the fourth requirement. "Failure to satisfy any one requirement precludes intervention of right." *SEC v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 381 (5th Cir. 2011) (unpublished).

### A. API satisfies the first three requirements.

As to the first requirement, Plaintiffs don't contest that API's motion is "timely," Fed. R. Civ. P. 24(a)(2), because API says that it will participate in the current briefing without adjusting the schedule. *See* Mot. at 3-4.

As to the second and third requirements, Plaintiffs don't contest that API has an "interest" that "disposing of the action" could "impair." Fed. R. Civ. P. 24(a)(2). Plaintiffs agree with API that its members are "*deeply interested* in the outcome of this litigation." Mot. at 2 (emphasis added). It is public knowledge that API's members lobbied for this Rule. *See* Bennett & Isaac, *Big Oil Teams Up with Big Green and Biden to Restrict Offshore Oil Production*, The Dallas Express (May 14, 2024), perma.cc/TEM3-YH5U ("multinational companies and the American Petroleum Institute not only capitulated but actually supported this change" because "the credit rating barrier will exempt larger public companies that have investment-grade ratings, while imposing more costs on their smaller competitors that sometimes do not"); Richards, *Biden's New Offshore Ally: Oil Majors*, Politico (Dec. 11, 2023), perma.cc/3D22-T72U (the proposed rule "put[s] the Biden administration in the unusual position of siding with major oil companies like Chevron, Shell and BP" because "it could help shield them from covering cleanup of wells they formerly owned"); McGinnis, *Despite Warnings, Biden Admin Finalizes Rule That Could Cripple Many Offshore Oil Companies*, RealClearPolitics (May 29, 2024) ("Records obtained via the Freedom of Information Act show private meetings between Interior officials and representatives of the major oil companies as they cooperated on this rule."). As the Small Business Administration explained in the comment period, "only small businesses are harmed by

the proposal." SBA Comment 4 (BOEM-2023-0027-1699). API's members therefore have an "interest" in the action because it concerns a Rule that will advantage them lucratively. And this action may "impair" their interest because Plaintiffs challenge the Rule and therefore threaten the advantages that it generates for API's members.

### B. API does not satisfy the fourth requirement because Federal Defendants will adequately represent API's interests.

But API is not entitled to intervene because of the fourth requirement: API has not shown that its interests are "inadequately represented" in this lawsuit. *Guenther*, 50 F.4th at 542 (citing Fed. R. Civ. P. 24(a)(2)). The Department of Justice representing Federal Defendants will "adequately" represent API's interest in having the Rule upheld for two independent reasons, each of which defeats API's right to intervene.

First, API and Federal Defendants share the same ultimate objective. When "the would-be intervenor has the same ultimate objective as a party to the lawsuit," the movant must establish "'adversity of interest, collusion, or nonfeasance on the part of the existing party.'" *Id.* at 543. API does not appear to dispute that it has the same ultimate objective as Federal Defendants. API moves to intervene to defend the Rule, but Federal Defendants share that objective. *See, e.g.*, Mot. at 8 ("API expects that Federal Defendants will vigorously defend the Rule."). Both API and Federal Defendants want Plaintiffs' motion denied and the Rule upheld. And API does not even suggest that it falls into one of the three exceptions—"'adversity of interest, collusion, or nonfeasance on the part of the existing party.'" *Guenther*, 50 F.4th at 543.

API argues instead that "API cannot know based solely on the complaint what arguments Plaintiffs will assert or what defenses Federal Defendants will raise." Mot. at 8. But "the mere possibility that a party may at some future time" take an action is speculative and "cannot alone show inadequate representation." *Bush v. Viterna*, 740 F.2d 350,

5

358 (5th Cir. 1984). Even if speculation sufficed, divergent arguments like the ones API contemplates do not justify intervention. "[D]ifferences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest." *Guenther*, 50 F.4th at 543 (emphasis added); *see also Ruiz v. Collins*, 981 F.2d 1256 (5th Cir. 1992) (per curiam) (failure of existing party to make "all the arguments" as the movant would is insufficient for intervention as of right). Instead, a movant must show "adversity of interest, collusion, or nonfeasance on the part of the existing party.'" *Guenther*, 50 F.4th at 543. API does not make this showing, so it cannot intervene as of right.

Second, "where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood v. State of Tex.*, 21 F.3d 603, 605 (5th Cir. 1994) (citing Miller, *Federal Practice & Procedure* §1909 (1986)). "A presumption of adequate representation … arises when the [existing party] is a governmental body or officer charged by law with representing the interests of the [movant]." *Baker v. Wade*, 743 F.2d 236, 241 (5th Cir. 1984). In that case, the movant must "demonstrat[e] that the [government] will not strongly defend its [challenged action]" or "that they have a separate defense of the [challenged action] that the [government] has failed to assert." *Hopwood*, 21 F.3d at 605-06. For example, the Fifth Circuit has held that movants representing the interests of minority students could not show inadequate representation to intervene to defend an affirmative-action policy that benefitted those students because there was no reason to think that the government would not "strongly defend" its policy. *Id.*

API says only that Federal Defendants cannot "adequately represent the interests of API and its members against Plaintiffs' attempts to disclaim decommissioning obliga-

tions because [Plaintiffs] prefer that API-member predecessor entities should be financially responsible for all of them." Mot. at 8. But Plaintiffs' only possibly relevant "attemp[t] to disclaim decommissioning obligations" is their challenge to the Rule that imposes new obligations on them. Federal Defendants will defend that Rule in full, and API has not given any reason why Federal Defendants will not do so adequately.[2]

II.     **API should not be granted permissive intervention.**

If API is not entitled to intervene as of right, this Court should not grant its motion for permissive intervention. A court may deny a motion for permissive intervention in its discretion. *Kneeland v. NCAA*, 806 F.2d 1285, 1289 (5th Cir. 1987). A court may deny permissive intervention because additional parties are burdensome and the movant can participate and present its views through an amicus curiae brief. *See Bush*, 740 F.2d at 359. "Additional parties always take additional time. Even if they have no witnesses of their own, [additional parties] are the source of additional questions, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair." *Id.* Therefore, "[w]here [it] presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention." *Id.*

---

[2] Respectfully, API is confused when it says that Plaintiffs' "prefer that API-member predecessor entities should be financially responsible for *all* [decommissioning obligations]." Mot. at 8 (emphasis added). Plaintiffs ask for relief that would keep in place all the preexisting rules, under which Industry Plaintiffs' members have massive financial responsibility for decommissioning, and faithfully carry out that responsibility. *See, e.g.*, Doc. 6-7 ¶6 ("Arena has paid in full every dollar of decommissioning costs for each of [its decommissioned] wells and platforms and has not passed a single dollar of decommissioning liability to U.S. taxpayers *or predecessors in the chain-of-title who sold properties to Arena*.") (emphasis added). Industry Plaintiffs will continue to bear that responsibility after this lawsuit because they do not challenge any of the preexisting rules. They challenge only this *new* Rule, which does not require them to pay for their decommissioning when it arises, but rather to preemptively guarantee the costs of all future decommissioning on all of their leases with $6.9 billion worth of additional bonds, to insure against what is, in most cases, a nonexistent risk to the government. *See* Doc. 6-1 at 3-5.

API says that it should be allowed to permissively intervene to share a "perspective unique from the Federal Defendants." Mot. at 9. But that interest can be served by filing an amicus brief; they don't need full party status. *See Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020) ("It is true that the movants express a unique view offered by neither party …. To the extent Movants want their voices heard, however, the proper procedure is to move to appear as amici curiae, not to move to intervene."). If API has special insight into "BOEM's regulatory focus," Mot. at 2, then API can offer them in an amicus brief. If API wants to explain how Plaintiffs' challenge to a new Rule somehow enacts a "dramatic change from the regulations prior to the Rule," Mot. at 7, API can explain why in an amicus brief. Plaintiffs will not oppose API's submission of an amicus brief in support of Federal Defendants at any stage in this litigation. Participation as an amicus ensures that API's views will be fully heard, while avoiding the burdens that come with granting API party status, including excessive discovery and motions.

\* \* \*

Finally, Plaintiffs note that API has not attempted to demonstrate standing of itself or any of its interested members—whom it does not name—so API will not be entitled to seek any independent relief in this case if it is granted intervention. *See Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 440 (2017) ("an intervenor of right must have Article III standing in order to pursue relief that is different from that which is sought by a party with standing").

## CONCLUSION

This Court should deny API's motion to intervene.

Dated: August 9, 2024

Respectfully submitted,

| | |
|---|---|
| **ELIZABETH B. MURRILL**<br>**Attorney General of Louisiana**<br><br>/s/ Zachary Faircloth<br>Zachary Faircloth (La. #39875)<br>Principal Deputy Solicitor General<br>Louisiana Department of Justice<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 421-4088<br>FairclothZ@ag.lousisiana.gov<br><br>*Counsel for the State of Louisiana*<br><br>**KEN PAXTON**<br>**Attorney General of Texas**<br>BRENT WEBSTER<br>First Deputy Attorney General<br>JAMES LLOYD<br>Deputy Attorney General for Civil Litigation<br>KELLIE E. BILLINGS-RAY<br>Chief, Environmental Protection Division<br><br>/s/ Wesley S. Williams<br>WESLEY S. WILLIAMS (admitted pro hac vice)<br>Assistant Attorney General<br>Wesley.Williams@oag.texas.gov<br>HEATHER COFFEE (admitted pro hac vice)<br>Assistant Attorney General<br>Heather.Coffee@oag.texas.gov<br>OFFICE OF THE ATTORNEY GENERAL OF TEXAS<br>ENVIRONMENTAL PROTECTION DIVISION<br>P.O. Box 12548, MC-066<br>Austin, Texas 78711-2548<br>(512) 463-2012 \| Fax: (512) 320-0911<br><br>*Counsel for the State of Texas* | /s/Tyler R. Green<br>Tyler R. Green (admitted pro hac vice)<br>Daniel Shapiro (admitted pro hac vice)<br>Jeffrey S. Hetzel (admitted pro hac vice)<br>**CONSOVOY MCCARTHY PLLC**<br>222 S. Main Street, 5th Floor<br>Salt Lake City, UT 84101<br>(703) 243-9423<br>tyler@consovoymccarthy.com<br><br>/s/ Jimmy R. Faircloth, Jr.<br>**FAIRCLOTH MELTON SOBEL & BASH, LLC**<br>Jimmy R. Faircloth, Jr. (La. #20645)<br>jfaircloth@fairclothlaw.com<br>Barbara Bell Melton (La. #27956)<br>bmelton@fairclothlaw.com<br>Mary Katherine Price (La. #38576)<br>kprice@fairclothlaw.com<br>Alexandria, Louisiana 71303<br>Telephone: (318) 619-7755<br>Facsimile: (318) 619-7744<br><br>Stephen C. Dwight (La. #28345)<br>stephen@dwightlaw.com<br>**DWIGHT LAW FIRM, LLC**<br>P.O. Box 2186<br>Lake Charles, Louisiana 70602<br>Telephone: (337) 802-1516<br><br>*Counsel for Louisiana Oil & Gas Association, Gulf Energy Alliance, Independent Petroleum Association of America, and U.S. Oil & Gas Association*<br><br>**LYNN FITCH**<br>**Attorney General of Mississippi**<br><br>/s/ Justin L. Matheny<br>Justin L. Matheny (admitted pro hac vice)<br>Deputy Solicitor General<br>Mississippi Attorney General's Office<br>P.O. Box 220<br>Jackson, MS 39205 |

9

(601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for the State of Mississippi*