**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

|  |  |
|---|---|
| LOUISIANA, *et al*., | |
| Plaintiffs, | |
| v. | Civil Action No. 24-00820-JDC-TPL |
| DEB HAALAND in her official capacity as Secretary of the Interior; *et al*., | |
| Defendants. | |

**AMERICAN PETROLEUM INSTITUTE'S REPLY ON MOTION TO INTERVENE**

Plaintiffs' opposition to the American Petroleum Institute's ("API") motion to intervene in this case is meritless.  It is also inconsistent with the allegations in Plaintiffs' own Complaint, which explicitly target API's members in addition to the Bureau of Ocean Energy Management ("BOEM").  If Plaintiffs can facially challenge BOEM's 2024 financial assurance rule ("Rule") purportedly on behalf of the oil and gas industry, then API representing members of that same industry is certainly entitled to intervene in defense of that Rule.  *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 567 (5th Cir. 2016) ("[A]ssociations representing licensed business owners have a right to intervene in lawsuits challenging the regulatory scheme that governs the profession.").

Plaintiffs' opposition fails for numerous reasons.  At the outset, it is untimely, and thus waived.  Plaintiffs argue that Federal Defendants adequately represent API simply because they are the same side of the "*v.*", but that is not the law and would nullify Federal Rule of Civil Procedure 24.  Moreover, API's filed comments on the proposed Rule (many of which BOEM did not accept), and the filed oppositions to Plaintiffs' baseless motion for preliminary relief,

already evidence that API's and Federal Defendants' arguments, though consistent overall, are not exactly the same.  Plaintiffs' argument against permissive intervention relies on illusory "burdens."  Finally, as Plaintiffs admit, their amicus curiae proposal would deprive API of the full rights of a party to this case.  The Court should grant API's motion to intervene, either as of right or permissively.

## I.    PLAINTIFFS' OPPOSITION IS UNTIMELY.

The Court should disregard Plaintiffs' untimely opposition.  This Court's rules afford 14 days to oppose a filed motion.  L.R. 7.4 ("If no Notice of Motion Setting issues and the judge does not order briefing instructions, the default rule is that a memorandum in opposition may be filed within 14 days after a motion is filed, and a reply memorandum may be filed within seven days after the opposition is filed.").[1]  API filed its motion to intervene on July 16, 2024.  Dkt. 36.  The next day, the Court filed a "Notice of Deficient Document," directing API to file a separate motion for leave.[2]  Dkt. 38.  API did so the next day (July 18, 2024).  Dkt. 39.

Plaintiffs, however, did not file their opposition until August 9, 2024, nearly two weeks late.  The Court's Notice specifically stated: "Issuance of this deficiency does not amount to an extension of any deadline."[3]  Dkt. 38.  Accordingly, the 14-day deadline for any opposition was July 30, 2024, or at the latest August 1, 2024.  Plaintiffs failed to meet that deadline.  In any event, Plaintiffs proffer no excuse for waiting to file until two business days before the deadline

---

[1] API timely submits this reply within 7 days of Plaintiffs' opposition.

[2] The Notice cited L.R. 7.5, which applies to a "motion for leave to file a complaint in intervention" and other "pleading[s]," rather than API's motion to intervene as a Defendant which is covered by L.R. 7.6.  Nevertheless, API promptly complied with the Court's directive.

[3] Plaintiffs' footnote suggestion that "it does not appear that Plaintiffs' time for opposing API's intervention on the merits has started to run" is thus wrong.  Dkt. 55 at 2.

for oppositions to Plaintiffs' motion for preliminary relief (which API timely met).  The Court

thus should deem API's intervention motion as unopposed.

## II.      FEDERAL DEFENDANTS DO NOT ADEQUATELY REPRESENT API'S INTERESTS IN THIS CASE.

Plaintiffs concede that API satisfies the first three criteria for intervention as of right.[4]

Dkt. 55 at 4-5.  API satisfies the fourth criterion too because no existing party adequately

represents its interests here.  The mere fact that API and BOEM both desire to see Plaintiffs'

challenge dismissed does not prove otherwise.

It is well-established that intervention requires only that representation by an existing

party "may be" inadequate, and that burden is "minimal."  *Trbovich v. United Mine Workers of

Am.*, 404 U.S. 528, 538–39 & n.10 (1972); *Wal-Mart*, 834 F.3d at 569 (same).  Consistently, this

Court has repeatedly granted intervention to industry associations and other regulated persons to

defend challenges involving regulatory schemes that govern their conduct.  *E.g.*, *Wal-Mart*, 834

F.3d at 569 (state government did not adequately represent trade association seeking to defend

Texas regulations for alcoholic beverage sales); *id.* at 569 n.9 (collecting similar cases); *Sierra

Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (federal government did not adequately

represent trade association seeking to defend challenge to regulatory program for pumping

irrigation water); *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994) (federal government

did not adequately represent industry associations seeking to defend challenge to management of

national forests, and finding: "The government must represent the broad public interest, not just

the economic concerns of the timber industry."); *cf. Heaton v. Monogram Credit Card Bank of

---

[4] Because they are irrelevant to API's motion to intervene, API herein does not respond to
Plaintiffs' mischaracterizations of the Rule and the record in their opposition, including their
central fiction that the Rule "imposes new obligations on [Plaintiffs]."  Dkt. 55 at 7.

*Ga.*, 297 F.3d 416, 425 (5th Cir. 2002) (federal agency granted intervention to defend lawsuit against bank despite that they "agreed on the merits of the substantive issues to be litigated").

*Wal-Mart* is directly on point.  Like here, the *Wal-Mart* plaintiffs "allege[d] that the regulatory system . . . operates exclusively for the benefit of the [intervenor] Association's members," and "[t]he Association seeks to intervene in defense of the regulatory system."  834 F.3d at 564.  The Fifth Circuit reversed the district court's denial of intervention that was based on the plaintiffs' opposition.  *Id.* at 564-55.  Specifically, the Fifth Circuit found that the State Commission defendant did not adequately represent the industry association's interests, regardless of any shared "ultimate objective" in the litigation.  *Id.* at 569.  Those interests— "protecting its members' businesses—are narrower than the Commission's broad public mission."  *Id.*  Moreover, the Commission had to "defend all portions of the litigation," whereas the association was focused on certain aspects.  *Id.*  Finally, intervenors could raise "arguments that the Commission cannot make."  *Id.*

The same is true here for API and BOEM.  Importantly, BOEM's primary interests are ensuring that decommissioning work gets done in a timely and effective manner and that any residual liability borne by taxpayers is minimized.  While API supports those aims, API also represents the narrower interests of its industry members, including that they not bear increased risk of decommissioning if current interest holders fail to perform without adequate financial assurance in place.  That is, Federal Defendants cannot adequately represent the interests of API and its members against Plaintiffs' attempts to disclaim supplemental financial assurance for any decommissioning obligations because Plaintiffs think predecessor entities should assure them.  Also, as the parties' filed oppositions to Plaintiffs' motion for preliminary relief show, API is more focused than BOEM on defending supplemental financial assurance provisions in the Rule;

specifically, API rebuts Plaintiffs' attempts to newly substitute predecessor liability for supplemental financial assurance by current interest holders.  *Compare generally* Dkt. 57 *with* Dkt. 58.  Nor do BOEM and API concur on all aspects of the Rule, as shown by BOEM's rejection of several API comments, including to make supplemental financial assurance mandatory rather than discretionary ("may") as the Rule reflects.[5]  API also is uniquely situated relative to BOEM to refute Plaintiffs' misleading portrayal of business transactions on the Outer Continental Shelf.  *See* Dkt. 57 at 20-23; Dkt. 57-1.

The fact that API and BOEM presently share common ground in this litigation is entirely unremarkable.  The Fifth Circuit recognizes the reality that no one can forecast how litigation will play out at the outset of litigation when intervention must "timely" occur.  Fed. R. Civ. P. 24(a)(2); *Wal-Mart*, 834 F.3d at 569 ("Because intervention necessarily occurs before the litigation has been resolved, the Association need only show that 'the representation *may* be inadequate.'") (emphasis in original, citation omitted).  As just one example, API cannot control whether, if Plaintiffs were to prevail on the merits, Federal Defendants would appeal to defend the Rule.  As an intervenor, API could appeal in that scenario even if Federal Defendants did not.  That alone supports, rather than defeats, API's intervention.  *See Heaton*, 297 F.3d at 425 (that government and private party's interests "may diverge in the future . . . is enough to meet the . . . burden on this issue [of whether existing parties adequately protect the intervenor's interest]"); *Glickman*, 82 F.3d at 110 ("the interests of [association's] members will not necessarily coincide" with the government's broader interests, "even though, at this point, they share common ground").

---

[5] *See* Dkt. 57 at 9; API comment letter, https://www.regulations.gov/comment/BOEM-2023-0027-2006; BOEM Response to Public Comments, Docket No. BOEM-2023-0027, https://www.regulations.gov/document/BOEM-2023-0027-2187.

Finally, Plaintiffs' cited cases do not yield a contrary result here. Tellingly, they cite no case finding that the government adequately represents industry interests, particularly in defending a regulation directly addressing industry operations or in opposing emergency relief. Plaintiffs instead cite four cases involving class actions inherently presenting their own complex representation issues. Dkt. 55 at 5-6. In two of those cases involving intervenor-defendants, the Fifth Circuit found that State defendants adequately represented other government entities within that State. *Bush v. Viterna*, 740 F.2d 350 (5th Cir. 1984); *Baker v. Wade*, 743 F.2d 236 (5th Cir. 1984) (post-judgment motion to intervene solely to file an appeal). In the other two cited class action cases, the Fifth Circuit found that the existing class plaintiffs and their counsel adequately represented other individuals presenting the same basic claims. *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536 (5th Cir. 2022) (per curiam); *Ruiz v. Collins*, 981 F.2d 1256 (5th Cir. 1992) (per curiam). And Plaintiffs' final cited case involved two special interest groups not directly regulated by the challenged State program and possessing no separate interest. *Hopwood v. State of Tex.*, 21 F.3d 603 (5th Cir. 1994)

In short, Federal Defendants do not adequately represent API's interests in this case, and API's intervention is consistent with the "broad policy favoring intervention in [Fifth Circuit] precedent." *Wal-Mart*, 834 F.3d at 569. The Court should grant API intervention as of right.

## III. AT A MINIMUM, PERMISSIVE INTERVENTION IS WARRANTED.

Plaintiffs' opposition to permissive intervention is likewise unavailing. First, Plaintiffs identify no actual "burdens that come with granting API party status." Dkt. 55 at 8. Their passing reference to "excessive discovery and motions" is baseless because this is an Administrative Procedure Act case where discovery is the exception to the norm and API has no plans at this time to add any further motions practice. Moreover, API complied with the existing briefing schedule on Plaintiffs' preliminary injunction motion. API will answer Plaintiffs'

Complaint by the established deadline of August 26, 2024.  And API will comply with the schedule this Court establishes for merits briefing.

Second, Plaintiffs' position on "standing" is wrong.  Dkt. 55 at 8.  API's members are directly regulated by the Rule at issue, giving them an interest in the outcome of this litigation. Moreover, API does not seek "any independent relief"; it requests dismissal of Plaintiffs' Complaint.  In any event, if API and its members lacked standing, then Plaintiffs and their members do as well.

Finally, potential amicus curiae participation is irrelevant to the intervention inquiry under Federal Rule of Civil Procedure 24.  *See* Dkt. 55 at 7-8.  It also is insufficient to protect API's interests in this case.  Without party status, API would lack the rights of a party to this case, including to participate in full briefing, scheduling discussions, any settlement, or any appeal.  As Plaintiffs' own opposition admits, they wish to constrain API to amicus curiae status to avoid it obtaining the rights of a party (even though no "burdens" in fact would result, as noted above).  Dkt. 55 at 8; *see also Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir. 2002) ("the right to file a brief as amicus curiae is no substitute for the right to intervene as a party in the action under Rule 24(a)(2)") (citation omitted).

## CONCLUSION

For the reasons presented in its motion and above, the Court should grant API's motion to intervene as of right.  In the alternative, the Court should grant API permissive intervention.

Dated: August 16, 2024

Respectfully submitted,

*/s/ Kennard B. Davis*
Kennard B. Davis
BEVERIDGE & DIAMOND, P.C.
201 North Charles Street, Suite 2210
Baltimore, MD 21201
Telephone: (410) 230-1318
kdavis@bdlaw.com

James M. Auslander (pro hac vice pending)
Peter J. Schaumberg (pro hac vice pending)
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
Telephone: (202) 789-6000
Fax: (202) 789-6190
jauslander@bdlaw.com
pschaumbeg@bdlaw.com

*Attorneys for Proposed Intervenor American
Petroleum Institute*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of August 2024, a true copy of the foregoing was served electronically through the Court's CM/ECF system with the Court and all registered counsel.

*/s/ Kennard B. Davis*
Kennard B. Davis
Beveridge & Diamond, P.C.

9