UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA ET AL** | **CASE NO. 2:24-CV-00820** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DEB HAALAND ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Leave to File Motion to Intervene filed by American Petroleum Institute ("API"). Doc. 39. Plaintiffs oppose the motion with arguments on the merits of the underlying motion to intervene. Doc. 55.

### I.
### BACKGROUND

This lawsuit concerns a final rule from the Bureau of Ocean Energy Management ("BOEM"). *Risk Management and Financial Assurance for OCS Lease and Grant Obligations*, 89 Fed. Reg. 31,544 (Apr. 24, 2024). Plaintiffs take issue with this rule's requirement that lessees in the Gulf of Mexico to obtain "financial assurance" bonds to cover the cost of potential future liability for decommissioning offshore oil and gas infrastructure. Doc. 1. Plaintiffs claim "nobody will be able to provide those bonds, so the lessees will be unable to meet the Rule's requirement." Doc. 1, p. 4. Plaintiffs therefore ask this court to enjoin implementation of the final rule and to vacate and set aside the rule as unlawful. Doc. 1, p. 80.

API filed a Motion for Leave to Intervene to support the defendants[1] in this case. Doc. 36. The motion was marked deficient because the proposed pleading in intervention was not attached to the motion, in violation of this court's Local Rule 7.5. Doc. 38 ("A motion for leave to file must be accompanied by the proposed pleading. The court will not act on such a motion without reviewing the document sought to be filed. Please refer to LR 7.5 for more information."). In an attempt to remedy the deficiency,[2] API filed the Motion for Leave to File Motion to Intervene currently before the court. Doc. 39.  Attached to the motion are (1) the proposed Motion to Intervene, (2) the proposed order granting the Motion to Intervene, and (3) the proposed order granting the Motion for Leave. Doc. 39, atts. 1–2. Notably, API's proposed intervenor pleading is not attached.

Plaintiffs oppose the motion on the merits of the proposed Motion to Intervene. Doc. 55. Plaintiffs concede (1) API's motion is timely; (2) API has an interest in the outcome of the litigation; and (3) disposing of the action could impair API's interest. Doc. 55, p. 4. Plaintiffs claim the motion should be denied because the current defendants in the case will adequately represent API's interest. *Id.* at pp. 5–7. Plaintiffs also argue against permissive intervention, claiming API's reasoning for allowing permissive intervention can also be served by allowing API to file an *amicus* brief. *Id.* at p. 8.

---

[1] Defendants to this action are the Secretary of the Interior, the Department of the Interior, BOEM, the Director of BOEM, the Principal Deputy Assistant Secretary for Land and Minerals Management, and the Gulf of Mexico Regional Director.

[2] The court notes that, per the deficiency notice [doc. 38], API needed only file a corrective document containing API's proposed pleading in intervention. *See* W.D. La. Loc. Civ. R. 7.5 ("A motion for leave to file a complaint in intervention . . . must be accompanied by the proposed pleading."). Filing a motion for leave to file the intervention motion was not necessary.

On reply, API argues plaintiffs' opposition brief was untimely filed and therefore the motion should be treated as unopposed. Doc. 61, pp. 2–3. API also claims its interests are not adequately represented by defendants. *Id.* at pp. 3–6. API urges the court to, at a minimum, grant permissive intervention. *Id.* at pp. 6–7. Participating as an *amicus curiae*, API asserts, would not afford API the rights it seeks. *Id.* at p. 7.

Considering API's concerns about the timeliness of the opposition brief [doc. 55], the court will not consider the opposition brief in its analysis. However, this decision does not change the court's intervention analysis.

## II.
## LAW AND ANALYSIS

Rule 24(c) of the Federal Rules of Civil Procedure requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." This court's Local Rule 7.5 also mandates that a motion for leave to intervene be accompanied by the proposed pleading. W.D. La. Loc. Civ. R. 7.5.[3] The proposed Motion to Intervene attached to the Motion for Leave is not accompanied by a proposed pleading. Doc. 39, att. 1. Thus, the proposed Motion to Intervene is deficient under Rule 24(c) and Local Rule 7.5. However, the court will

---

[3] API claims Local Rule 7.5 does not apply because it deals with a motion for leave to file a complaint in intervention, whereas API seeks to intervene as a defendant. Doc. 61, p. 2, fn. 2. API instead claims Local Rule 7.6 applies. *Id.* However, this court reads the language "motion for leave to file a complaint in intervention" to apply to all motions to intervene, which FRCP 24(c) requires be accompanied by a proposed pleading. Additionally, API is incorrect in applying Local Rule 7.6 because that rule only applies to actions removed from state court, making it inapplicable to the case at hand. Furthermore, even if Local Rule 7.6 applied, it also requires motions to intervene be accompanied by the proposed intervenor pleading.

consider the Motion to Intervene [doc. 39, att. 1][4] on its merits because the substance of that motion has been fully briefed.

### A. Intervention of Right

A motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a). If no federal statute confers an unconditional right to intervene, Rule 24(a)(2) is controlling. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). A motion to intervene under Rule 24(a)(2) is proper when

> (1) the motion to intervene is timely; (2) the potential intervener (sic) asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Id.* (quoting *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004)). The applicant must satisfy each element to show a right to intervene. *Louisiana v. Haaland*, No. 2:23-CV-01157, 2023 WL 5989052, at *2 (W.D. La. Sept. 14, 2023) (citing *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 542–43 (5th Cir. 2022)).

The Fifth Circuit has adopted a "broad policy favoring intervention." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016). The rule is to be liberally construed with doubts resolved in favor of the applicant. *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). The Fifth Circuit has instructed that intervention "should generally be allowed where 'no one would be hurt and greater

---

[4] Because the Motion for Leave was unnecessary, as explained in footnote 2, and the Motion to Intervene has been fully briefed, the undersigned recommends granting the Motion for Leave so the court can move immediately to the intervention analysis without waiting for the Motion to Intervene to be separately docketed.

justice could be attained.'" *Ross*, 426 F.3d at 753 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Thus, the inquiry is a flexible one, focusing on the facts and circumstances of each application, and the right is "measured by a practical rather than technical yardstick." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)).

1. *Timeliness*

The timeliness analysis is contextual and is to be determined from all the circumstances. *Wal-Mart Stores, Inc.*, 834 F.3d at 565. The motion notes, at the time it was filed, there were no litigation deadlines or filing requirements, nor was there a schedule for filing the administrative record or merits briefing. Doc. 39, att. 1, p. 5. Additionally, the lawsuit was filed only thirty-one days prior to this motion's filing. *Id.* at pp. 4–5; doc. 1. Because the instant motion was filed during the early stages of this litigation, the motion to intervene was timely. *See Wal-Mart Stores, Inc.*, 834 F.3d at 565–66 (finding a motion to intervene timely where applicant sought intervention before discovery progressed and did not seek to reconsider or delay portions of the litigation that had already concluded).

2. *Legally protectable interest*

To support intervention, an applicant's interest "must be direct, substantial, and legally protectable." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) (internal quotation marks omitted). An interest suffices under Rule 24 if "it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (quoting *Texas v. United States*, 805

F.3d 653, 659 (5th Cir. 2015)). This test is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, 18 F.3d at 1207.

API claims it has an interest in this litigation because the case centers around "the regulatory scheme governing its members' operations." Doc. 39, att. 1, p. 5. API has "nearly 600 members that are involved in all aspects of the oil and gas industry." *Id.* at p. 6. API's goal as an organization is to ensure "a strong, viable U.S. oil and gas industry capable of meeting the energy needs of our Nation in an efficient and environmentally responsible manner." *Id.* API claims many of its members have property interests in leases on the outer continental shelf or are predecessor interest holders. *Id.* The court thinks these interests might be too generalized to satisfy Rule 24. However, because the Fifth Circuit has a broad policy favoring intervention and the rule is to be liberally construed, the court will consider API's interests sufficient under Rule 24.[5]

3. *Impairment of ability to protect interest*

API must next show that "disposition of the action may, as a practical matter, impair or impede" its ability to protect its interest. *La Union del Pueblo Entero*, 29 F.4th at 307 (quoting *Texas v. United States*, 805 F.3d at 657). To satisfy this element, API need only show there is a possibility its interest could be impaired or impeded if it cannot intervene. *Id.* (citing *Brumfield*, 749 F.3d at 344–45).

---

[5] API also claims it has "much to say" on the topics at issue in this lawsuit and can provide unique insight into the challenged rule. Doc. 39, att. 1, pp. 6–9. Such insight can be provided through an *amicus* brief.

API alleges a favorable decision for plaintiffs in this matter will thrust upon predecessor entities in a chain of title, including some of its members, plaintiffs' supplemental financial assurance obligations. Doc. 39, att. 1, p. 8. Because a result in plaintiffs' favor would likely negatively affect API's interests in this case, if it has any, the impairment requirement is satisfied.

4. *Adequacy of representation*

"The applicant has the burden of demonstrating inadequate representation, but this burden is minimal." *Louisiana v. Haaland*, 2023 WL 5989052, at *3 (quoting *Entergy Gulf States La., LLC*, 817 F.3d at 203). The applicant "must only show that the existing representation '*may* be inadequate'; this showing need not amount to a certainty." *Guenther*, 50 F.4th at 543 (emphasis in original) (quoting *La Union del Pueble Entero*, 29 F.4th at 307–08).

Nevertheless, the applicant must overcome two presumptions. *Id.* The first presumption applies when one party is a representative of the absentee by law. *Id.* This presumption is inapplicable here. The second presumption arises when the applicant has the same ultimate objective as a party to the case. *Louisiana v. Haaland*, 2023 WL 5989052, at * 3 (citing *La Union del Pueblo Entero*, 29 F.4th at 308). This presumption can be overcome if the applicant shows an "adversity of interest, collusion, or nonfeasance on the part of the existing party." *La Union del Pueblo Entero*, 29 F.4th at 308 (quoting *Texas*, 805 F.3d at 661–62). An applicant shows adversity of interest by showing its interests "diverge from the putative representative's interests in a manner germane to the case." *Guenther*, 50 F.4th at 543 (quoting *Texas*, 805 F.3d at 662).

API claims its legal position is adverse to plaintiffs, so plaintiffs will not adequately represent its interests. The court agrees. As for defendants, they and API have the same ultimate objective: uphold the challenged regulation.

API, however, asserts defendants "will represent the multi-faceted and public interests of BOEM, but not the specific, private interests of API and its members." Doc. 39, att. 1, p. 9. API also insists defendants cannot adequately represent its interest in maintaining the decommissioning obligations in the final rule. *Id.* API has neither provided any support for these conclusions nor attempted to explain how its interests diverge from defendants' interests in defending the regulation. Thus, API's interests are adequately represented by defendants. Accordingly, API is not entitled to intervention of right under Rule 24(a).

### B. *Permissive Intervention*

The court also recommends permissive intervention be denied because API has not stated a claim or defense it plans to assert in the main action, and API has not provided the court with a proposed pleading in intervention. Rule 24(b)(1) instructs that "the court may permit anyone to intervene who" files a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention under Rule 24(b) is "wholly discretionary" and "may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984)).

Because API's motion is timely, the only remaining issue is whether it "has a claim or defense that shares with the main action a common question of law or fact." The Fifth Circuit "has accepted that '[t]he "claim or defense" portion of Rule 24(b) ... [is to be] construed liberally.'" *United States ex rel Hernandez v. Team Finance, L.L.C.*, 80 F.4th 571, 577 (5th Cir. 2023) (brackets and ellipsis in original) (quoting *Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006)). API claims it "will defend against the central legal claims and the relief sought in this litigation" and "should be permitted to respond to various allegations as to its members." Doc. 39, att. 1, p. 10. However, API has provided the court with no proposed pleading stating what defenses or responses it intends to raise. It does not provide these defenses or responses in its motion either, so its argument for permissive intervention is unsupported. API also claims it has a different perspective than defendants, but this perspective may be provided in an *amicus* brief. Accordingly, the court finds it would be inappropriate to grant API's motion for permissive intervention.

### III.
#### CONCLUSION

For the reasons stated, the court will **GRANT** the Motion Leave to File Motion to Intervene [doc. 39] but **DENY** the underlying Motion to Intervene. API's Proposed Memorandum in Opposition [doc. 57] will instead be considered as an amicus brief.

**THUS DONE AND SIGNED** in Chambers on the 9th day of September, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**