# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 1, 2025
Lyle W. Cayce
Clerk

No. 24-30658
Summary Calendar

---

STATE OF LOUISIANA; LOUISIANA OIL & GAS ASSOCIATION;
STATE OF MISSISSIPPI, *By & through its Attorney General, Lynn Fitch*;
STATE OF TEXAS, *By & through its Attorney General, Ken Paxton*; GULF
ENERGY ALLIANCE; INDEPENDENT PETROLEUM ASSOCIATION
OF AMERICA; U.S. OIL & GAS ASSOCIATION,

                     *Plaintiffs—Appellees*,

*versus*

DOUG BURGUM, *Secretary, U.S. Department of the Interior*; UNITED
STATES DEPARTMENT OF INTERIOR; BUREAU OF OCEAN
ENERGY MANAGEMENT; ELIZABETH KLEIN, *in her official capacity as
Director of Bureau of Ocean Energy Management*; STEVE FELDGUS, *in his
official capacity as Principal Deputy Assistant Secretary for Land & Minerals
Management*; JAMES KENDALL, *in his official capacity as Gulf of Mexico
Regional Director*,

                     *Defendants—Appellees*,

*versus*

AMERICAN PETROLEUM INSTITUTE,

                     *Movant—Appellant*.

No. 24-30658

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:24-CV-820

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that appellant pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

Certified as a true copy and issued
as the mandate on May 27, 2025

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 1, 2025
Lyle W. Cayce
Clerk

No. 24-30658
Summary Calendar

_____

STATE OF LOUISIANA; LOUISIANA OIL & GAS ASSOCIATION; STATE OF MISSISSIPPI, *By & through its Attorney General, Lynn Fitch*; STATE OF TEXAS, *By & through its Attorney General, Ken Paxton*; GULF ENERGY ALLIANCE; INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA; U.S. OIL & GAS ASSOCIATION,

*Plaintiffs—Appellees*,

versus

DOUG BURGUM, *Secretary, U.S. Department of the Interior*; UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF OCEAN ENERGY MANAGEMENT; ELIZABETH KLEIN, *in her official capacity as Director of Bureau of Ocean Energy Management*; STEVE FELDGUS, *in his official capacity as Principal Deputy Assistant Secretary for Land & Minerals Management*; JAMES KENDALL, *in his official capacity as Gulf of Mexico Regional Director*,

*Defendants—Appellees*,

versus

AMERICAN PETROLEUM INSTITUTE,

*Movant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Louisiana

USDC No. 2:24-CV-820

_____

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

CARL E. STEWART, *Circuit Judge*:

    Someone has to pay to decommission offshore oil and gas rigs. The Bureau of Ocean Energy Management ("BOEM") adopted a rule (the "Rule") that sought to clarify who that is. After several states and industry groups sued to vacate the Rule, the American Petroleum Institute ("API") moved to intervene in its defense. Because we hold that BOEM adequately represents API's interests, we AFFIRM the district court's denial of that motion.

**I.**

    This case concerns a final Rule from BOEM. *See* Risk Management and Financial Assurance for OCS Lease and Grant Obligations, 89 Fed. Reg. 31,544 (Apr. 24, 2024). It requires that some current lessees of offshore drilling facilities in the Gulf of America obtain upfront "financial assurance" bonds to cover the cost of potential future liability for decommissioning offshore oil and gas infrastructure. *See Risk Management and Financial Assurance for OCS Lease and Grant Obligations*, 89 Fed. Reg. 31,544 (Apr. 24, 2024). BOEM adopted the Rule to clarify the circumstances in which it may exercise its discretionary authority to require supplemental financial assurance from the current lessees. *See* 30 C.F.R. § 556.901(d). The Rule does not list as possible considerations the existence of previous lessees, their financial strength, or whether they have already provided financial assurance for eventual decommissioning. *See id.*

    Taking issue with the financial burdens that the Rule might create, Louisiana, Mississippi, and Texas (the "State Plaintiffs"), along with a group

2

No. 24-30658

of trade associations[1] that represent small and mid-sized oil and gas companies (the "Industry Plaintiffs"), sued BOEM and related federal defendants.[2] They sought to preliminarily and permanently enjoin enforcement of the Rule and to vacate it as unlawful.

API, the nation's largest United States trade association for the oil and natural gas industry, moved to intervene in defense of the Rule. Unlike the Industry Plaintiffs, API's membership includes companies of all sizes. Some of its members have previously held interests in oil and gas leases and grants in the Gulf of America; others currently hold such interests. On behalf of those members, API filed a motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) or permissively under Rule 24(b)(1)(B). As to intervention as-of-right, API argued that the BOEM's representation was inadequate because API's members benefited from the Rule and would make arguments different from BOEM's. Those arguments, it claimed, would reflect its members' particular interests in having the Rule upheld. As to permissive intervention, API argued that the court should allow it to intervene given that it had a "perspective unique from" the State and Industry Plaintiffs.[3]

API did not file a proposed answer to the complaint alongside its motion to intervene. After BOEM filed its own answer, however, API filed

---

[1] These are the Louisiana Oil & Gas Association, the Gulf Energy Alliance, the Independent Petroleum Association of America, and the United States Oil & Gas Association.

[2] Because the defendants are materially the same as each other for purposes of this appeal, we refer to them collectively when referring to BOEM.

[3] BOEM has not taken a position on the motion before the district court or on this appeal.

one while its motion was still pending. That proposed answer was materially identical to BOEM's, stating no new claims or defenses.

The district court then denied API's motion to intervene. It first determined that the motion was procedurally defective because API had not attached its proposed answer to the motion, in violation of that court's local rules. W.D. LA. CIV. R. 7.5 ("A motion for leave to file a complaint in intervention . . . must be accompanied by the proposed pleading."). Nonetheless, the court ruled that API failed to make the requisite showing to intervene either as of right or permissively. For the former, it concluded that API failed to show that BOEM would inadequately represent its interests. *See La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 308 (5th Cir. 2022). For the latter, it explained that "it would be inappropriate to grant API's motion for permissive intervention" because whatever "different perspective" API would bring to the case could "be provided in an *amicus* brief."

API then timely appealed the district court's denial of its motion to intervene. While this appeal was pending, and after API had filed its principal brief, the Secretary of the Interior ordered the Department of the Interior—BOEM's parent agency—to plan steps "to suspend, revise, or rescind" the Rule.[4] In light of the order, BOEM sought the State and Industry Plaintiffs' position on a stay of further proceedings in the district court. The parties have not yet agreed to any stay, and no stay has been granted.

---

[4] Secretarial Order No. 3148 (Feb. 3, 2025), § 4(b) https://www.doi.gov/document-library/secretary-order/so-3418-unleashing-american-energy.

4

No. 24-30658

## II.

We review *de novo* a district court's denial of intervention as of right. *Wal-Mart Stores v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016). We review for abuse of discretion a district court's denial of permissive intervention. *Newby v. Enron Corp.*, 443 F.3d 416, 423 (5th Cir. 2006); *see also Ingebretsen ex rel. Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996) (en banc) (observing that this standard is "exceedingly deferential" to the district court).

## III.

The district court neither erred in denying API's motion to intervene as of right, nor abused its discretion in denying its motion for permissive intervention. API has not demonstrated that BOEM would inadequately represent its interests as the former requires. *See Pueblo Entero*, 29 F.4th at 308. And we are unconvinced that the district court abused its discretion by addressing API's concerns relating to the latter as amicus. *See Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020).[5]

### A.

To show a right to intervention under Rule 24(a)(2), "a movant must make a timely motion and establish all three of the following criteria." 6 James W. Moore et al., Moore's Federal Practice § 24.03 (3d ed. 2024). First, it must show that it has a protectable "interest" in the action. Fed. R. Civ. P. 24(a)(2). Second, it must show that the "disposing of the action" could "impair" its ability to protect that interest. *Id.* And

---

[5] Because we find no error on these points in the district court's analysis, we do not address whether API's motion was procedurally defective under the Western District of Louisiana's local rules. Nor do we address whether such deficiency would have been an independently sufficient ground for denial. *See* W.D. La. Civ. R. 7.5.

5

No. 24-30658

third, it must show that existing parties do not "adequately represent" that interest. *Id.* "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007). The State and Industry Plaintiffs concede that API's motion was timely and satisfied the first two criteria. They only dispute the third.

Although the third requirement is normally "minimal," *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc), it has "teeth" when one of "two presumptions of adequate representation" apply, *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014) (citation omitted). The first presumption arises when the intervenor "has the same ultimate objective as a party to the lawsuit." *Texas v. United States*, 805 F.3d 653, 661 (5th Cir. 2015) (quotation omitted). A movant can overcome this presumption by showing "adversity of interest, collusion, or nonfeasance on the part of the existing party." *Pueblo Entero*, 29 F.4th at 308 (quoting *Texas*, 805 F.3d at 661–62). An applicant shows "adversity of interest" by showing its interests "diverge from the putative representative's interests in a manner germane to the case." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Texas*, 805 F.3d at 662). "[T]he mere possibility that a party *may* at some future time" diverge in its interest "cannot alone show inadequate representation." *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984) (emphasis in original); *Guenther*, 50 F.4th at 543 (quoting the same).[6] The second presumption arises when the existing party "is a governmental body or officer charged by law with representing the interests" of the movant, which can be overcome by showing that the intervenor's

---

[6] This contrasts with scenarios when a presumption does not apply. In those instances, a movant need only show that representation "*may* be inadequate." *Guenther*, 50 F.4th at 543 (emphasis in original) (quoting *Pueblo Entero*, 29 F.4th at 308).

6

"interest is in fact different from that of the" governmental party "and that the interest will not be represented by" the existing governmental party. *Pueblo Entero*, 29 F.4th at 308 (quoting *Texas*, 805 F.3d at 662).

Here, the first presumption applies because API "has the same ultimate objective as" BOEM: to uphold the Rule. *See Texas*, 805 F.3d at 661. It fails to rebut that presumption because it does not show an "adversity of interest." *See Pueblo Entero*, 29 F.4th at 308. In API's principal brief, it contends that BOEM's interests are adverse to its own because BOEM represents the public interests of a federal government agency, but not the specific, private interests of API and its members. *See Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538–39 (1972); *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994).[7] It contends that this is the case even if the agency has substantially similar interests to the potential intervenor, but has a statutory charge to pursue a different goal as well. *See Trbovich*, 404 U.S. at 538–39.

We disagree with API's reading of *Trbovich* and *Espy*. In both cases, the movant pointed to specific conduct showing that the party at issue inadequately represented its interests, notwithstanding that it shared an ultimate objective. In *Trbovich*, the movant cited as motivation for intervening distinct evidence it wished to introduce, remedies it sought, and legal arguments it intended to make. 404 U.S. at 536–37. In *Espy*, the movants sought to intervene in response to a letter from the agency purporting to

---

[7] API also cites two out of circuit cases for the same principle. *See WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009); *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736–37 (D.C. Cir. 2003). Neither, however, applies the first presumption that it seeks to rebut. *See WildEarth*, 573 F.3d at 996–97; *Norton*, 322 F.3d at 736–37. Thus, we discuss them no further.

represent its interests that it would apply a preliminary injunction order not more broadly than the district court required. 18 F.3d at 1208.

Here, by contrast, API does not discuss any action taken by BOEM that is adverse to its own interest. As API admits, it "presently cannot know . . . what litigation position or defenses BOEM will pursue." And although the secretarial order might lead to a future shift in BOEM's litigation approach that is adverse to API's interest, that has not yet happened. Instead, BOEM has continued to oppose the State and Industry Plaintiffs' motion for a stay of the Rule before the district court, which recently denied that motion.

For these reasons, API has failed to show that BOEM's interests are adverse to its own on any "matter currently before us." *See Haspel & Davis*, 493 F.3d at 579. Because all API shows is "the mere possibility that [BOEM] *may* at some future time" diverge, it does not rebut the first presumption of adequate representation. *See Bush*, 740 F.2d at 358; *Guenther*, 50 F.4th at 543. Thus, we pretermit our discussion of the second presumption and hold that API is not entitled to intervention as of right. *See* FED. R. CIV. P. 24(a)(2); *Pueblo Entero*, 29 F.4th at 308.

**B.**

Under Rule 24(b)(1), a "court may permit anyone to intervene who" files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1), 24(b)(1)(B).[8] Permissive intervention under Rule 24(b) is "wholly discretionary" and "may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir.

---

[8] *See generally* 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 24.10, 24.11 (3d ed. 2024).

2021) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471–72 (5th Cir. 1984) (en banc)). Thus, "[r]eversal of a denial of permissive intervention 'is so unusual as to be almost unique.'" *SEC v. Stanford Int'l Bank, Ltd.*, 429 F. App'x 379, 382 (5th Cir. 2011) (unpublished) (quoting *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987)).

This case is not "almost unique." *See id.*; *Texas v. DHS*, 2024 WL 4404421, at *1 (5th Cir. Oct. 4, 2024) (unpublished) (summarily affirming denial of intervention under materially identical circumstances). The district court considered API's argument that it offers a perspective different from BOEM's, but nonetheless determined that adding it as an additional party would be unduly burdensome. It reasoned that API could instead effectively present its views through an *amicus* brief. As we have held, where "the movants express a unique view offered by neither party" that they want "heard," "the proper procedure is to move to appear as *amici curiae*, not to move to intervene." *Flores*, 979 F.3d at 1106. By adhering to this "proper procedure," the district court did not abuse its discretion by denying API's motion for permissive intervention. *See id.*; *see also DHS*, 2024 WL 4404421, at *1 (noting that a "district court has the option, in its discretion, of allowing [] putative intervenors to participate as *amici curiae* in any further proceedings").

## IV.

For the foregoing reasons, we AFFIRM the district court's order denying intervention.

# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

May 27, 2025

Mr. Daniel J. McCoy
Western District of Louisiana, Lake Charles
United States District Court
300 Fannin Street
Suite 1167
Shreveport, LA 71101-0000

     No. 24-30658   State of Louisiana v. Burgum
                              USDC No. 2:24-CV-820

Dear Mr. McCoy,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                              By: _____
                              Peter A. Conners, Deputy Clerk
                              504-310-7685

cc:
    Mr. James Michael Auslander
    Ms. Heather Coffee
    Mr. Kennard B. Davis
    Mr. Jacob David Ecker
    Mr. Jimmy Faircloth Jr.
    Mr. Zachary Faircloth
    Mr. Tyler R. Green
    Mr. Jeffrey Hetzel
    Ms. Katharine Laubach
    Mr. Justin Lee Matheny
    Ms. Barbara Bell Melton
    Ms. Mary Katherine Price
    Mr. Wesley Scott Williams